**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

JOSE CARLOS BERUMAN                                                                                       PLAINTIFF
REG. #97044-079

NO. 2:09CV00099 JLH/HDY

T.C. OUTLAW *et al.*                                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

1

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Federal Correctional Institution in Forrest City, filed this *pro se* complaint (docket entry #2), pursuant to pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), on July 27, 2009, and an amended complaint on August 31, 2009 (docket entry #7), alleging violations of his rights under the eighth and thirteenth amendments. On December 10, 2009, Defendants T.C. Outlaw, Charles Crow, and Chris Holbrook, filed a motion to dismiss, along with a brief in support (docket entries #19& #20). Plaintiff filed a response on January 12, 2010 (docket entry #23), and Defendants filed a reply to that response on January 19, 2010 (docket entry #24).

### I. Standard of review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, he was working for United Correction Federation Industries, Inc. ("UNICOR") on December 13, 2007, when Crow told him he must work through lunch running a saw. Plaintiff protested that the machine could not be operated by one person, but Crow refused to excuse him. A few days later, Holbrook asked Plaintiff and another inmate to work the machine through lunch. Plaintiff apparently went to lunch anyway, and was terminated from his job when he returned. Plaintiff alleges violations of his rights protected by the Eighth Amendment and Thirteenth Amendment. For relief, Plaintiff seeks reinstatement to his job, and appears to request other vocational training.

*A. Eighth Amendment*

Plaintiff first alleges that he was the victim of cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff's complaint does not clearly explain how he believes his Eighth Amendment rights were violated, but he appears to allege that he was asked to work in unsafe conditions, and that the denial of lunch was cruel and unusual punishment.

Plaintiff seems to allege that he was asked to operate a saw by himself during the lunch hour, but he never contends that he actually was forced to operate the saw alone. Indeed, the amended complaint quotes Crow as saying on December 13, 2007, "you all figure it out, but I want this machine to be running through lunch." According to the amended complaint, Holbrook wanted Plaintiff and "another inmate" to operate the saw through lunch on December 17, 2007, but Plaintiff

3

apparently went to lunch anyway. Although working conditions are subject to scrutiny under the Eighth Amendment, *Stephens v. Johnson*, 83 F.3d 198, 200 (8th Cir. 1996), Plaintiff has offered no facts to suggest that any Defendant was deliberately indifferent to a substantial risk of serious harm that he faced. *See Id.* Moreover, Plaintiff has not identified any harm he sustained as a result of the conditions, and in fact, it appears from the complaint that Plaintiff may not have operated the saw alone. Accordingly, Plaintiff has failed to state a claim for relief with respect to the operation of the saw.

Plaintiff may be attempting to claim that the delay of his lunch meal, or the denial of lunch, on two occasions constitutes cruel and unusual punishment. However, even missing two meals altogether is insufficient to state a claim for relief. *See Roddy v. Corbitt Nesbitt*, 242 F.3d 376 (8th Cir. 2000)(unpublished per curiam)(denial of three meals over course of a year not an Eighth Amendment violation); *Williams v. Harness*, 221 F.3d 1346 (8th Cir. 2000) (unpublished per curiam) (denial of one meal does not give rise to constitutional violation ); *Berry v. Brady*, 192 F.3d 504, 506-08 (5th Cir.1999) (deprivation of food constitutes cruel and unusual punishment only if it denies prisoner minimal civilized measure of life's necessities, and whether deprivation falls below this threshold depends on amount and duration of deprivation; denying inmate eight meals over seven months because of inmate's failure to shave did not deny inmate "anything close to a 'minimal measure of life's necessities'" (internal quotations and citation omitted)).

Finally, Crow's use of unprofessional language or implied threats is not an Eighth Amendment violation. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992)(threats); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985)(name calling and threats).

B. *Thirteenth Amendment*

Plaintiff seems to allege that his supervisors' ordering him to work through lunch amounted to slavery or involuntary servitude which is prohibited by the Thirteenth Amendment. However,

4

compelling inmates to work is not a Thirteenth Amendment violation. *Glick v. Lockhart*, 759 F.2d 675, 676 (8th Cir. 1985). Accordingly, Plaintiff has no Thirteenth Amendment claim.

## C. Equal protection

Plaintiff makes vague allegations of discrimination, and asserts that an all white "training crew" was allowed to eat lunch. However, Plaintiff has not, in his complaint, or in his response to Defendants' motion to dismiss, provided any details of whether the "training crew" had the same job or skills that he had, that they were needed at a specific time, or that they were similarly situated to him in their work assignments.[1] Without more, Plaintiff's vague complaints are insufficient to state an equal protection claim. *See Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir.1998) (en banc) ("[t]he heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest."); *Twombly*, 550 U.S. at 570 (complaint must contain enough facts to state a claim to relief that is plausible on its face).

## D. Loss of prison job

Plaintiff asserts that his termination was unjust. However, Plaintiff has no constitutional right to educational or vocational opportunities. *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992). Because Plaintiff has no right to a prison job, he is not entitled to any back pay for the loss of the job.

## E. Retaliatory termination

Plaintiff referenced retaliation in his complaint, but appears to concede in his response to Defendants' motion that he is not pursuing a claim for retaliation because of his use of the administrative remedy process. Plaintiff rather asserts that his termination was in "retaliation" for

---

[1] In fact, Plaintiff asserts in his amended complaint that he was the only operator who knew how to operate the saw.

his refusal to work through lunch.  Being terminated from a job for disobeying a supervisor's lawful order is not a constitutional violation, and Plaintiff has therefore failed to state an actionable retaliation claim.

In summary, Plaintiff has not alleged facts to indicate that anything about his prison job, or the request for him to work through lunch, amounted to cruel and unusual punishment or a violation of his rights under the Thirteenth Amendment; he is not entitled to a prison job; and the facts that he has alleged do not support an equal protection claim or retaliation claim.  Accordingly, Defendants' motion to dismiss should be granted.[2]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss (docket entry #19) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   15   day of March, 2010.

UNITED STATES MAGISTRATE JUDGE

---

[2] In his response, Plaintiff appears to attempt to amend his complaint to bring it under the Federal Tort Claims Act ("FTCA").  However, constitutional torts such as those alleged by Plaintiff cannot be remedied through the FTCA.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994); *Washington v. Drug Enforcement Administration*, 183 F. 3d 868, 873 (8th Cir. 1999)